**<u>EXHIBIT 1</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |

| | |
|---|---|
| FTX Recovery Trust, | |
| Plaintiff, | |
| -against- | Adv. Pro. No. 24-50216 (KBO) |
| NEIL PATEL, I'M KIND OF A BIG DEAL, LLC, and NEIL PATEL DIGITAL, LLC, | |
| Defendants. | |

**STIPULATION TO MODIFY**
**CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

This stipulation (the "Stipulation") is made and entered into by and among Plaintiff FTX

Recovery Trust (the "Plaintiff"), and Defendants Neil Patel, I'm Kind of A Big Deal, LLC, and

Neil Patel Digital, LLC (the "Defendants" and, together with Plaintiff, the "Parties"), by and

through their respective undersigned counsel.  In support of the Stipulation, the Parties respectfully

state as follows:

**WHEREAS**, on November 8, 2024, Debtors Alameda Research Ltd., FTX Trading Ltd.,

Cottonwood Grove Ltd., and West Realm Shires Services Inc. (the "Debtors") commenced the

above-captioned adversary proceeding (the "Adversary Proceeding") in the United States

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list
of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX.

Bankruptcy Court for the District of Delaware (the "Court");

**WHEREAS**, on March 5, 2025 the Court entered the Case Management Plan and Scheduling Order [Adv. D.I. 45] (the "CMO") establishing a case schedule made applicable to the Adversary Proceeding;

**WHEREAS**, paragraph five of the CMO provides that the "Parties may modify any provision hereof on written agreement"; and

**WHEREAS**, the Parties have conferred and agree to modify the CMO to extend the deadlines set forth therein.

**NOW, THEREFORE**, it is hereby stipulated and agreed, by and among the Parties, that:

1.      The CMO shall be modified to extend the deadlines as set forth in the revised Case Management Plan and Scheduling Order, attached hereto as **Appendix 1** (the "Revised Case Management Plan").[2]

2.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of the Revised Case Management Plan.

---

[2]      A blackline of the CMO is annexed hereto as **Appendix 2**.

Dated: July 29, 2025

**LANDIS RATH & COBB LLP**

*/s/ Howard W. Robertson IV*
Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
Matthew B. McGuire (No. 4366)
Howard W. Robertson IV (No. 6903)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
cobb@lrclaw.com
mcguire@lrclaw.com
robertson@lrclaw.com

-and-

**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
Sascha N. Rand (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
E-mail: sascharand@quinnemanuel.com

Anthony P. Alden (admitted *pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-7000
Email: anthonyalden@quinnemanuel.com

*Counsel for Plaintiff, FTX Recovery Trust*

**PASHMAN STEIN WALDER HAYDEN,
P.C.**

*/s/   Alexis R. Gambale*
John W. Weiss (No. 4160)
Alexis R. Gambale (No. 7150)
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Email: jweiss@pashmanstein.com
agambale@pashmanstein.com

-and-

Leah M. Eisenberg (admitted *pro hac vice*)
Court Plaza South, East Wing
21 Main Street, Suite 200
Hackensack, NJ 07601
Telephone: (201) 488-8200
Email: leisenberg@pashmanstein.com

**SQUIRE PATTON BOGGS (US) LLP**
Gabriel Colwell, Esq. (admitted *pro hac vice*)
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 689-5126
Fax: (213) 623-4581
Email: gabriel.colwell@squirepb.com

Peter R. Morrison (admitted *pro hac vice*)
1000 Key Tower, 127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8500
Fax: (216) 479-8780
Email: peter.morrison@squirepb.com
F. Maximilian Czernin (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 361-1200
Fax: (513) 361-1201
Email: max.czernin@squirepb.com
*Counsel for Defendants, Neil Patel, I'm Kind
of a Big Deal, LLC and Neil Patel Digital,
LLC*

## APPENDIX 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | |
| FTX Recovery Trust, | |
| Plaintiff, | |
| -against- | Adv. Pro. No. 24-50216 (KBO) |
| NEIL PATEL, I'M KIND OF A BIG DEAL, LLC, and NEIL PATEL DIGITAL, LLC, | |
| Defendants. | |

**REVISED CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

1.    This Revised Case Management Plan and Scheduling Order, by and among the above-captioned Plaintiff and Defendants (defined below, and with Plaintiff, collectively "Parties" and each a "Party") shall apply in the above-captioned adversary proceeding.

    a.    The term "Complaint" as used herein shall mean the complaint filed in the above-captioned adversary proceeding on November 8, 2024.

    b.    The term "Defendants" as used herein shall mean the defendants in the above-captioned adversary proceeding.

    c.    Defendants have waived or accepted service of process. Defendants reserve all rights, claims, and defenses, other than those relating to service of process or sufficiency of process.

2.    **Response to Complaint.** Defendants shall have until January 13, 2025 to answer, move against, or otherwise respond to the Complaint. If Defendants elect to file a motion to dismiss, the schedule for the briefing shall be as follows:

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

      a.  Moving brief due January 13, 2025;

      b.  Opposition to any motion to dismiss shall be due February 3, 2025; and

      c.  Reply due February 17, 2025.

3.     The following discovery and pretrial schedule shall apply absent further agreement of the Parties or order of the Court.

      a.  **Initial Disclosures.**  Each Party shall serve its initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure ("<u>Rules</u>"), as incorporated in this action by Rule 7026 of the Federal Rules of Bankruptcy Procedure, no later than March 13, 2025.

      b.  **Fact Discovery.**

          i.  The Parties may serve document requests pursuant to Rule 34 (BR 7034), interrogatories pursuant to Rule 33 (BR 7033), requests for admissions pursuant to Rule 36 (BR 7036) and other requests for written discovery, beginning on or after March 13, 2025.

         ii.  The Parties may serve subpoenas on non-parties pursuant to Rule 45 (BR 9016) beginning on or after March 13, 2025.

       iii.  The Parties shall substantially complete their production of documents in response to document requests served on or before June 9, 2025, by November, 10 2025 (with substantial rolling productions beginning no later than April 24, 2025 in response to requests served on or before March 20, 2025).

       iv.  The Parties shall provide logs of documents withheld or redacted on privilege grounds by December 2, 2025.

        v.  Deposition notices shall be served no less than 14 days prior to the deposition date. Plaintiff and Defendants shall each be entitled to take a total of 12 depositions of fact witnesses. Unless otherwise agreed or ordered by the Court, the noticing party shall have the right to determine if it will take any deposition it notices in-person or remotely. Such determination shall be independent from any determination whether the defending party defends the deposition in-person or remotely.

       vi.  Fact discovery, including depositions, shall be completed January 16, 2026.

      c.  **Expert Discovery**.

         i.  Plaintiff's initial expert reports if any, shall be served by January 30, 2026.

        ii.  Defendants' expert reports and rebuttal reports in response to Plaintiff's

initial expert reports and expert reports on a subject not addressed in Plaintiff's initial expert reports—if any, shall be served by March 6, 2026.

iii. In the event that Defendants serve expert reports addressing a subject not addressed in Plaintiff's initial expert reports, if any, Plaintiff may serve rebuttal expert reports in response thereto by April 10, 2026.

iv. All expert reports must satisfy the requirements of Rule 26 (BR 7026).

v. Expert depositions shall be completed by May 8, 2026.

d. **Dispositive Motions**.

i. Motions for summary judgment shall be due no later than May 22, 2026.

ii. Oppositions to motions for summary judgment shall be due no later than June 19, 2026.

iii. Replies in support of summary judgment shall be due no later than July 10, 2026.

4. **Jurisdiction**. Nothing in this Case Management Plan and Scheduling Order shall be deemed a waiver of the Defendants' rights under Local Rule 9013-1(h) or other jurisdictional objections.

5. **Modification**. The Parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.

**<u>APPENDIX 2</u>**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*[1]<br>      Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST<br><br>      Plaintiff,<br>v.<br><br>NEIL PATEL, I'M KIND OF A BIG DEAL, LLC, and NEIL PATEL DIGITAL, LLC,<br><br>      Defendants. | Adv. Pro. No. 24-50216 (KBO) |

## ~~CASE MANAGEMENT PLAN AND SCHEDULING ORDER~~

## REVISED CASE MANAGEMENT PLAN AND SCHEDULING ORDER

1.    This Revised Case Management Plan and Scheduling Order ~~Case Management Plan and Scheduling Order~~, by and among the above-captioned Plaintiff and Defendants (defined below, and with Plaintiff, collectively "Parties" and each a "Party") shall apply in the above-captioned adversary proceeding.

      a.    The term "Complaint" as used herein shall mean the complaint filed in the above-captioned adversary proceeding on November 8, 2024.

      b.    The term "Defendants" as used herein shall mean the defendants in the above-captioned adversary proceeding.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

      c.  Defendants have waived or accepted service of process. Defendants reserve all rights, claims, and defenses, other than those relating to service of process or sufficiency of process.

2.      **Response to Complaint.** Defendants shall have until January 13, 2025 to answer, move against, or otherwise respond to the Complaint. If Defendants elect to file a motion to dismiss, the schedule for the briefing shall be as follows:

      a.  Moving brief due January 13, 2025;

      b.  Opposition to any motion to dismiss shall be due February 3, 2025; and

      c.  Reply due February 17, 2025.

3.      The following discovery and pretrial schedule shall apply absent further agreement of the Parties or order of the Court.

      a.  **Initial Disclosures**. Each Party shall serve its initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Rules"), as incorporated in this action by Rule 7026 of the Federal Rules of Bankruptcy Procedure, no later than March 13, 2025.

      b.  **Fact Discovery.**

          i.  The Parties may serve document requests pursuant to Rule 34 (BR 7034), interrogatories pursuant to Rule 33 (BR 7033), requests for admissions pursuant to Rule 36 (BR 7036) and other requests for written discovery, beginning on or after March 13, 2025.

          ii.  The Parties may serve subpoenas on non-parties pursuant to Rule 45 (BR 9016) beginning on or after March 13, 2025.

          iii.  The Parties shall substantially complete their production of documents in response to document requests served on or before June 9, 2025, by ~~August 11, 2025~~ **November 10, 2025** (with substantial rolling productions beginning no later than April 24, 2025 in response to requests served on or before March 20, 2025

          iv.  The Parties shall provide logs of documents withheld or redacted on privilege grounds by ~~September 3, 2025~~ **December 2, 2025**.

          v.  Deposition notices shall be served no less than 14 days prior to the deposition date. Plaintiff and Defendants shall each be entitled to take a total of 12 depositions of fact witnesses. Unless otherwise agreed or ordered by the Court, the noticing party shall have the right to determine if it will take any deposition it notices in-person or remotely. Such determination shall be independent from any determination whether the defending party defends the deposition in-person or remotely.

    vi. Fact discovery, including depositions, shall be completed by ~~September 29, 2025~~ **January 16, 2025**.

  c. **Expert Discovery**.

    i. Plaintiff's initial expert reports if any, shall be served by ~~October 13, 2025~~ **January 30, 2026**.

    ii. Defendants' expert reports and rebuttal reports in response to Plaintiff's initial expert reports and expert reports on a subject not addressed in Plaintiff's initial expert reports—if any, shall be served by ~~November 14, 2025~~ **March 6, 2026**.

    iii. In the event that Defendants serve expert reports addressing a subject not addressed in Plaintiff's initial expert reports, if any, Plaintiff may serve rebuttal expert reports in response thereto by ~~December 23, 2025~~ **April 10, 2026**.

    iv. All expert reports must satisfy the requirements of Rule 26 (BR 7026).

    v. Expert depositions shall be completed by ~~January 30, 2026~~ **May 8, 2026**.

  d. **Dispositive Motions**.

    i. Motions for summary judgment shall be due no later than ~~February 13, 2026~~ **May 22, 2026**.

    ii. Oppositions to motions for summary judgment, if any, shall be due within 40 days of the filing of the summary judgment motion.

    iii. Replies in support of summary judgment shall be due within 25 days of the opposition to the summary judgment motion.

4. **Jurisdiction**. Nothing in this Case Management Plan and Scheduling Order shall be deemed a waiver of the Defendants' rights under Local Rule 9013-1(h) or other jurisdictional objections.

5. **Modification**. The Parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.